RECEIVED
DEC - 2 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRAXLER CONSTRUCTION, INC. | CIVIL ACTION NO. 1:13-CV-2533 |
| -VS- | JUDGE DRELL |
| 300 MILE INVESTMENTS, LTD. | MAGISTRATE JUDGE KIRK |

## RULING

Pending before the Court is a Motion for Summary Judgment (Doc. 14) filed by Counter-Defendant Timothy M Brandon Architect APC ("Brandon" or "Architect"), a Motion for Leave to File a First Supplemental and Amended Counterclaim (Doc. 16) filed by Counter-Claimant 300 Mile Investments, Ltd. ("300 Mile"), and a Motion for Summary Judgment (Doc. 27) filed by Counter-Defendant Traxler Construction, Inc. ("Traxler"). For the following reasons, 300 Mile's motion (Doc. 16) and Traxler's motion (Doc. 27) will be **GRANTED** and Brandon's motion (Doc. 14) will be **DENIED** with the right to refile.

I. Background

Plaintiff Traxler, a Louisiana construction company, brought suit in Louisiana state court for nonpayment of $74,556 for construction work performed by Traxler. Defendant 300 Mile, a Texas-based investment company, removed the suit to this Court and counterclaimed against Traxler as well as against Brandon with breach of contract claims under Louisiana law. Counter Plaintiff 300 Mile asserts that it had to

sell the property at a loss as a result of defects in both design and construction, which were the fault of Brandon and Traxler, respectively.

Brandon answered 300 Mile's counterclaim by asserting a defense of res judicata (Doc. 13) and moved for summary judgment (Doc. 14) on the grounds that 300 Mile's claim is precluded by a compromise agreement between 300 Mile and Brandon. In short, there were four separate contracts between 300 Mile and Brandon, but all pertained generally to projects on contiguous tracts of land owned by 300 Mile in Natchitoches. A number of disputes arose and, in August of 2010, the parties, including Brandon and 300 Mile, entered into a compromise agreement that purports to resolve all the issues and release Brandon from any future claims arising out of any engagements involving the projects on 300 Mile's property in Natchitoches. The counterclaim against Brandon, here, pertains to the first of those four contracts, which Brandon argues was covered by the compromise agreement. In response to Brandon's Answer, 300 Mile filed its motion to amend the counter-complaint to include a claim for reformation, or alternatively rescission, of the compromise agreement (Doc. 16), to which both Brandon and 300 Mile object.

Traxler's motion for summary judgment (Doc. 27) posited that 300 Mile has no rights under the contract because: (a) 300 Mile was not a party to the contract; and (b) Hotel St. Denis, LLC ("Hotel St. Denis") was prohibited by a contractual nonassignment clause from assigning its rights to 300 Mile.

II. <u>Law and Analysis</u>

    A.    Motion to Amend

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Neither Brandon nor Traxler consents to the proposed amendments, and 300 Mile seeks leave to amend its original counterclaim. In this situation, Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires." <u>Id.</u> Moreover, in deciding this motion, the Court "must entertain a presumption in favor of granting parties leave to amend." <u>Mayeaux v. La. Health Serv. and Indem. Co.</u>, 376 F.3d 420, 425 (5th Cir. 2004).

Prior to the entry of judgment in a case, Rule 15(a) "endows a district court with 'virtually unlimited discretion' to allow amendments" to the pleadings. <u>Benson v. St. Joseph Reg'l Health Ctr.</u>, 575 F.3d 542, 550 (5th Cir. 2009) (quoting <u>Vielma v. Eureka Co.</u>, 218 F.3d 458, 468 (5th Cir. 2000)). A district court's denial of a motion to amend is subject to review for abuse of discretion. <u>See, e.g.</u>, <u>Coghlan v. Wellcraft Marine Corp.</u>, 240 F.3d 449, 452 (5th Cir. 2001). The Fifth Circuit has noted that, in light of the presumption in favor of liberal pleading, "the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" <u>Mayeaux</u>, 376 F.3d at 425.

In fact, while we retain broad authority to allow amendments to the pleadings, our discretion is restrained against denying a timely motion to amend: "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures

to cure deficiencies, or undue prejudice to the opposing party,[1] 'the discretion of the district court is not broad enough to permit denial.'" Id. (quoting Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co., 195 F.3d 765, 770 (5th Cir. 1999)). As such, when a proposed amended pleading states potentially viable claims, the Court is strongly compelled to grant a motion to amend by the principles described above. See Coghlan, 240 F.3d at 452 ("It contravenes the liberal pleading presumption of Rule 15(a) and constitutes an abuse of discretion for a district court to deny a timely motion to amend where the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.").

Here, 300 Mile timely filed its motion to amend and we see no substantial reason to deny the motion. The parties had not yet filed a plan of work nor had we set any separate deadlines to amend pleadings. It appears that the purpose of the proposed amendment is to respond to an unforeseen defense, rather than some dilatory or other bad faith purpose. Furthermore, 300 Mile avoided undue delay by filing its motion within thirty days of Brandon's Answer. For the foregoing reasons, 300 Mile's motion will be **GRANTED**.

B.  Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[1] The court draws this "oft-cited list of justifications" for denying a motion to amend from the United States Supreme Court's opinion in Foman v. Davis, 371 U.S. 178, 182 (1962).

party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little, 37 F.3d at 1075 (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

C.  Brandon's Motion for Summary Judgment

Brandon moves for summary judgment on the grounds that 300 Mile's claim is precluded by a compromise agreement. However, we have permitted 300 Mile to amend its counter-complaint to assert a claim for reformation or rescission based on alleged error in fact as to the compromise agreement. Consequently, we find that summary judgment on this motion is inappropriate. While we must deny Brandon's motion, we do so with leave for Brandon to refile his motion for summary judgment in order to address the changed circumstances. Brandon's motion for summary judgment will be **DENIED.**

D.  Traxler's Motion for Summary Judgment

Louisiana has a strong public policy favoring the freedom to contract. See La. C.C. art. 1971 ("parties are free to contract for any object that is lawful, possible, and determined or determinable"). Parties are free to assign their rights under contracts as well as free to prohibit the assignment of rights without mutual consent. La. C.C.

art. 2653 ("A right cannot be assigned when the contract from which it arises prohibits the assignment of that right."). The Louisiana Supreme Court has recently made this quite clear:

> [W]hile the Louisiana legislature has clearly indicated an intent to allow parties freedom to assign contractual rights, by enacting La. C.C. art. 2653 it has also clearly indicated an intent to allow parties freedom to contractually prohibit assignment of rights. We recognize the vast amount of national jurisprudence distinguishing between pre-loss and post-loss assignments and rejecting restrictions on post-loss assignments, [but] we find no public policy in Louisiana favoring free assignability of claims over freedom of contract. This court has long recognized that the freedom to contract is an important public policy.

In re Katrina Canal Breaches Litig., 63 So. 3d 955, 962 (La. 2011). In fact, the Louisiana Supreme Court acknowledges that the law in Louisiana on this point is different from that of many other states. See id.

Here, 300 Mile does not have any rights under a written agreement (the "General Contract") between Traxler and Hotel St. Denis executed on March 5, 2008 to which 300 Mile was not a party. The General Contract contained a clause prohibiting assignments without the mutual consent of both parties. Specifically, Article 13.2.1 to the General Contract states, "neither party to the Contract shall assign the Contract as a whole without the written consent of the other" (Doc. 27-1). Thus, Hotel St. Denis' attempt to assign its rights, without Traxler's consent, in a separate contract on March 28, 2013, was ineffective. While 300 Mile bases its arguments on the Restatement (Second) of Contracts and case from the Nebraska Supreme Court, the General Contract states, in Article 13.1.1, that the contract is governed by the law of Louisiana, where the project was located (Doc. 27-1). Louisiana law is clear on the issue of assignability.

III.     Conclusion

For the foregoing reasons, we find 300 Mile has timely filed its Motion to Amend and Traxler has shown there are no genuine disputes as to any material facts concerning 300 Mile's counterclaim and that Traxler is entitled to judgment as a matter of law. Brandon's Motion for Summary Judgment is premature at this point. Accordingly, 300 Mile's Motion to Amend (Doc. 16) will be **GRANTED**. Traxler's Motion for Summary Judgment (Doc. 27) will be **GRANTED** and 300 Mile's claims against Traxler will be **DISMISSED with PREJUDICE**. Brandon's Motion for Summary Judgment (Doc. 14) will be **DENIED with the right to refile.**

SIGNED on this 2nd day of December, 2014 at Alexandria, Louisiana.

                                                  DEE D. DRELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT