RECEIVED
MAY 19 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRAXLER CONSTRUCTION, INC. | CIVIL ACTION NO. 1:13-CV-2533 |
| -VS- | JUDGE DRELL |
| 300 MILE INVESTMENTS, LTD. | MAGISTRATE JUDGE KIRK |

## RULING

Pending before the Court is a Motion for Summary Judgment (Doc. 85) filed by Third Party Defendant [1] Timothy M Brandon Architect APC ("Brandon" or "Architect"). We have considered the filings and evidence in the record and the parties' arguments contained in their briefs. For the following reasons, the motion will be **GRANTED**.

I.  **Background**

In May 2006, Hotel St. Denis, LLC, a wholly owned subsidiary of K&L Developers, LLC, purchased four contiguous tracts of land in Natchitoches intending to build a condominium and a hotel on the property (Doc. 89). Hotel St. Denis then contracted with Brandon (the "First Contract") to design a condominium building consisting of both residential and retail condominiums and with Traxler Construction, Inc. ("Traxler") to build the condominium. Id. In early March 2008, 300 Mile Investments, Ltd. ("300 Mile"), a Texas investment company, purchased a two-thirds interest in Hotel St. Denis. Id. Soon after, Brandon contracted to buy a retail

---

[1] 300 Mile characterized their claims against Brandon as counterclaims and the record contains numerous references to Brandon as a counter-defendant, which is technically incorrect.

condominium (the "Second Contract") and a residential condominium (the "Third Contract") from Hotel St. Denis, which then contracted Brandon to design the planned hotel building (the "Fourth Contract"). 300 Mile sold its interest in Hotel St. Denis back to K&L Developers and took a promissory note, but later purchased a portion of the land from Hotel St. Denis. Id.

A number of disputes arose among Brandon, 300 Mile, Traxler, Hotel St. Denis, and others in August 2010 culminating in a compromise agreement. Id. Brandon, as architect, had completed his work and been paid in full under the First Contract, but had not been paid $300,000 allegedly due under the Fourth Contract. In the settlement, Brandon accepted $50,000 in cash and a promissory note for $80,000 from 300 Mile as satisfaction and turned over all plans and drawings for the hotel to 300 Mile. Id. As part of the deal, Brandon also forfeited his deposits for the two condominiums and 300 Mile released him from his obligation to purchase them. Id. In the compromise agreement, 300 Mile and Hotel St. Denis agreed to release and waive all causes of action arising out of any engagement for Brandon's architectural services with respect to immovable property located in Natchitoches Parish owned or formerly owned by Hotel St. Denis. (Doc. 89-7). Brandon did not perform any services for Hotel St. Denis or 300 Mile after confecting the compromise agreement (see doc. 89). In other words, the parties executed the releases and waivers at the termination of their relationship rather than at the commencement.

The instant litigation began when Traxler brought suit against 300 Mile in state court for nonpayment of $74,556 for construction work performed by Traxler. 300 Mile removed the suit and brought counterclaims against Traxler and third party

claims against Brandon. In a previous ruling (Doc. 81), we granted summary judgment to Traxler on the counterclaim. Later, we issued a judgment dismissing all claims by Traxler against 300 Mile and all claims by 300 Mile against Traxler (Doc. 92). Consequently, Traxler is no longer a party to this case, but 300 Mile remains as a Third Party Claimant with claims persisting against Brandon.

Brandon had originally filed a motion for summary judgment (Doc. 14) on the grounds that the above-referenced compromise agreement precluded 300 Mile's claims asserted against him in this suit. Thereafter, 300 Mile filed a motion to amend the complaint (Doc. 16) to seek reformation or rescission of the compromise. We allowed 300 Mile to amend its complaint and, therefore, denied Brandon's motion as premature (Doc. 81). Brandon then re-filed his motion (Doc. 87), which is opposed by 300 Mile (Doc. 89).

II.     **Law and Analysis**

Two issues are currently before us: (1) whether 300 Mile's counterclaims against Brandon are precluded by the compromise agreement confected in August 2010 and (2) whether 300 Mile may be allowed to reform or rescind the compromise agreement. If we find that 300 Mile's third party claims *are* precluded and 300 Mile is *not* entitled to reform or rescind the compromise, then, logically, we must grant Brandon's motion for summary judgment (Doc. 85).

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

A compromise, a contract that settles a dispute concerning an obligation, has the force and effect of a judgment, which precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. Civ. Code arts. 3071, 3080. "A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La. Civ. Code art. 3076. If the intent is clear from the four corners of the compromise, the Court may not look to any extrinsic evidence as to the parties' intent. La. Civ. Code art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

Here, 300 Mile has asserted two claims against Brandon for breaches of duties and obligations under the First Contract.[2] However, Brandon certified construction of

---

[2] Specifically, 300 Mile has alleged defects and deficiencies in the condominium building that were the result of the joint and concurrent fault of Architect and Traxler, *to wit*: (a) Architect's failure to comply with his duties and obligations **under the First Contract** and under Louisiana law as the relate to the design of the Condominium Building; (b)

4

the condominium building as substantially complete in March 2009, and he was paid in full for the project. Then, when the parties entered into a compromise agreement in August 2010, 300 Mile and Hotel St. Denis agreed to

> release and waive any and all causes of action, claims, and rights which . . . Hotel St. Denis, K&L, 300 Mile . . . have or may have, whether **known or unknown, now existing or hereafter arising**, against any one or more of Architect, Brandon, [and] Brandon Holdings . . . arising out of: (a) **any engagement to provide any services** with respect to the planning, design, construction, drawings, specifications, investigation, evaluation or administration **with respect to immovable property located in Natchitoches Parish Louisiana and owned or formerly owned by Hotel St. Denis** . . . .
> . . . .
> . . . The releases and waivers to be executed as set forth in paragraphs 1 and 2 shall contain appropriate language such that the obligations of the parties set forth in this agreement are not released.
> . . . This agreement supersedes all prior agreements and constitutes the entire agreement between the parties hereto with respect to the subject matter hereof. . . .

(Doc. 89-7) (emphasis added).

By 300 Mile's own words, the First Contract was an agreement for "Architect to design for Hotel St. Denis, L.L.C. a building containing eighteen (18) residential condominiums and ten (10) retail condominiums" to be built "on part of the land" owned or formerly owned by Hotel St. Denis "situated on or near Front Street in Natchitoches, Louisiana" (Doc. 89). Thus, 300 Mile's counterclaims under the First Contract in this case arise out of an agreement to provide design and construction services "with respect to immovable property located in Natchitoches Parish Louisiana and owned or formerly owned by Hotel St. Denis." The words of the

---

> Architect's failure to comply with his duties and obligations **under the First Contract** and under Louisiana law as they relate to Architect's obligation to provide construction services and to monitor the construction of the Condominium Building. . .

(Doc. 83) (emphasis added).

5

compromise are clear and explicit that 300 Mile released and waived any and all cause of action, claims, and rights under the First Contract.

Third Party Claimant 300 Mile contends that the Compromise Agreement only released Brandon from his duties under the Second Contract, Third Contract, and the Fourth Contract, but not under the First Contract (Doc. 89). 300 Mile admitted that, under the compromise, "Architect would be released from claims for defects and deficiencies and/or errors and omissions in connection with Architect's design work for the Hotel Building," which was covered by the Fourth Contract, but they contend, "it was never intended that the [compromise] would apply to the First Contract and that Architect would be released from then unknown claims for defects and deficiencies and/or errors and omissions in connection with Brandon's design work for the Condominium Building." Id. 300 Mile's argument rests primarily on the fact that the compromise does not specifically reference the First Contract. Id.

However, the lack of reference to the First Contract actually contravenes 300 Mile's position rather than supports it. In the first paragraph of the compromise, 300 Mile agreed to "release and waive **any and all** causes of actions, claims, and rights" arising out of "*any* engagement to provide *any* services . . . with respect to immovable property located in Natchitoches Parish" (Doc. 89-7). The compromise then went on to reserve from the broad waivers and releases certain rights and obligations that would survive. Thus, the lack of reference to the First Contract demonstrates no intent to reserve any rights or obligations from the releases and waivers.

Furthermore, there were only two construction projects planned for the property in Natchitoches owned by Hotel St. Denis: a condominium building and a hotel. Thus, the fact that the parties used the very broad and inclusive language of "any engagement to provide any services . . . with respect to immovable property located in Natchitoches" is a thoroughly clear indication that the compromise covered all of the contracts involving Brandon and "immovable property located in Natchitoches Parish Louisiana and owned or formerly owned by Hotel St. Denis." At the time the parties executed the compromise, Hotel St. Denis owned the condominium building property and 300 Mile owned the hotel building property (Doc. 89). Thus, the language of the contract explicitly covers both projects. The decision to use the words "owned or formerly owned" was clearly intentional. There are absolutely no rules of contract interpretation this Court is familiar with that would lead to any other conclusion than these claims (including those arising under the First Contract) are expressly precluded by the August 2010 compromise agreement.

In the amended complaint, 300 Mile seeks to rescind or reform the compromise agreement in order to avoid its preclusive effect in this litigation (Doc. 83). However, 300 Mile's claim of unilateral error is unsupported by any factual evidence or legal merit. 300 Mile claims it "did not understand that Architect might later contend that some of the language in the August 2010 Agreements is so broad and so vague that it could possibly be misinterpreted to mean that 300 Mile was releasing Architect from claims for defects and deficiencies and/or errors and omissions arising from the First Contract." But, as we recently observed, the release and waiver was quite intentionally broad in order to include "any engagement" involving any of the land

"owned or formerly owned" by Hotel St. Denis (*i.e.*, **both** the hotel and condominium building). And, while 300 Mile claims that "[a]s of August 2010, 300 Mile was unaware of any defects and deficiencies in the Condominium Building. 300 Mile was not aware of any defects and deficiencies and/or errors or omissions in the work of Architect as respects the Condominium Building" (Doc. 83). Even if true, this is irrelevant because 300 Mile explicitly waived claims whether "known or unknown, now existing or hereafter arising" (Doc. 89-7).

The compromise agreement ***very clearly*** covers all four contracts regarding Brandon and to the extent that 300 Mile truly did not understand this, it has not provided any valid excuse for its failure to understand the contract prior to signing it.

III.   Conclusion

For the foregoing reasons, we find Brandon has shown there are no genuine disputes as to any material fact concerning Counter-Plaintiff 300 Miles's counterclaims, and we find Brandon is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment will be **GRANTED**.

SIGNED on this 18 day of May, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT